```
 1 | KAREN MATTESON, Cal. Bar No. 102103
   | NAN PRONGAY, Cal. Bar No. 133055
 2 |
   | Attorneys for Plaintiff
 3 | Securities and Exchange Commission
   | Randall R. Lee, Regional Director
 4 | Sandra J. Harris, Associate Regional Director
   | 5670 Wilshire Boulevard, 11th Floor
 5 | Los Angeles, California 90036-3648
   | Telephone: (323) 965-3998
 6 | Facsimile:  (323) 965-3908
```

FILED
CLERK, U.S. DISTRICT COURT
SEP 16 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2004 AUG 10 PH 2:30
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV04-6613 SVW (SSx)

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

PETER F. PAUL, STEPHEN M. GORDON and JEFFREY L. PITTSBURG,

    Defendants.

Civil Action No.

[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT STEPHEN M. GORDON

Priority ___
Send ✓
Enter ___
Closed ___
JS-5/JS-6 NO
JS-2/JS-3 ___
Scan Only ___

    Plaintiff Securities and Exchange Commission ("Commission"), having filed and served upon Defendant Stephen M. Gordon ("Gordon") a Summons and Complaint in this action; Gordon having admitted service upon him of the Summons and Complaint in this action and the jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this matter; having waived the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having consented to the entry of this Final Judgment Of Permanent Injunction And Other Relief Against Stephen M. Gordon ("Judgment") without admitting or denying the allegations in the Complaint, except as specifically



DOCKETED ON CM
SEP 17 2004
13

set forth in the Consent Of Stephen M. Gordon To Entry Of Final Judgment Of Permanent Injunction And Other Relief ("Consent"); no notice of hearing upon the entry of this Judgment being necessary; and this Court being fully advised:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Gordon and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    a.    employing any device, scheme or artifice to defraud;

    b.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gordon and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    a.    employing any device, scheme, or artifice to defraud;

b.  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c.  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Exchange Act"), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gordon and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from obtaining, receiving or enjoying the beneficial use of a loan or other extension of credit from any lender for the purpose of (1) purchasing or carrying United States securities, or (2) purchasing or carrying within the United States any other securities, in violation of Section 7(f) of the Exchange Act, 15 U.S.C. § 78g(f), and Regulation X promulgated thereunder, 12 C.F.R. § 224.1, *et. seq.*

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gordon and his agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, while directly or indirectly the beneficial owner of more than ten percent of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act, or while a director or officer of the issuer of any such security, failing to timely file the required form(s) with the Commission accurately reporting (1) his beneficial ownership of the issuer's securities once he becomes a

director, officer or beneficial owner of more than ten percent of such securities, and (2) changes in his beneficial ownership of an issuer's stock during such month, in violation of Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon Gordon's sworn representations in his Statement Of Financial Condition dated November 6, 2003, this Court is not ordering Gordon to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), or Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The determination not to assess a civil penalty is contingent upon the accuracy and completeness of Gordon's Statement Of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Gordon's representations to the Commission concerning his assets, income, liabilities or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Gordon, petition this Court for an order modifying this Final Judgment to require payment of the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Gordon was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. The Commission may also request additional discovery. Gordon may not, by way of defense to such petition: (1) challenge the validity of his Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gordon, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of the Consent filed concurrently with this Judgment are incorporated herein with the same force and effect as if fully set forth herein and that Gordon shall comply with his Consent.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that during the pendency of this action against any defendant, Gordon shall remain subject to the discovery provisions of the Federal Rules of Civil Procedure which apply to parties, and, in addition, that Gordon shall appear, without service of a subpoena, for his deposition or to testify as a witness at any trial of this action or at any other related proceeding. Failure to comply with the foregoing will subject Gordon to the remedies and sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to implement and enforce the terms of this Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

## X.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment.

DATED: 9/25/04

_____
UNITED STATES DISTRICT JUDGE